### Henry Wolber et al. v. Jacob Chambers.

#### Gen. No. 4,671.

1. REAL ESTATE COMMISSIONS—*revocation of authority discharges right to.* Where before the broker obtains a purchaser his authority is revoked, no right to commissions attaches.

2. REAL ESTATE COMMISSIONS—*what essential to right to.* Before a broker is entitled to his commissions for obtaining a purchaser, he must obtain a purchaser who is ready, willing and able to purchase the property in question upon the terms of sale offered by the owner.

Action of assumpsit. Appeal from the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

ORION M. GROVE, for appellants; GEORGE L. HOFFMAN, of counsel.

W. H. A. RENNER and FREDERICK S. SMITH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Jacob Chambers owned a farm, and placed it with Wolber & Pittman, real estate dealers, for sale on commission. They found a purchaser and prepared a contract and presented it to Chambers, and he refused to

Wolber v. Chambers.

sign it and refused to sell the farm. They then brought this suit against Chambers to recover the agreed commission. There was a jury trial and a verdict and a judgment for defendant. Plaintiffs appeal.

There is so clear a preponderance of the evidence that before plaintiffs found a purchaser defendant revoked their authority to sell the farm and told them not to sell it, that if the jury had found for plaintiffs the verdict could not have been sustained. The proposed contract was upon terms different in several respects from those upon which plaintiffs had been authorized to sell, and the court gave instructions requested by defendant which made it necessary to a recovery that plaintiffs should prove that they procured a purchaser ready, able and willing to purchase upon the terms which defendant had authorized. It is argued that defendant could not avail of this defense, because he based his refusal to sell solely upon the ground that he had previously revoked the authority, and therefore it was error to give these instructions. We are of opinion that the fact that defendant refused to sell, because he had previously withdrawn the authority to sell, did not relieve plaintiffs from the necessity of proving that they had found a party ready, willing and able to purchase upon the very terms prescribed by the owner. But if this were not so, and if the instructions were therefore incorrect, yet as a verdict for plaintiffs could not in any event be sustained, for the reason first above stated, such incorrect instructions would not authorize a reversal of the judgment. The judgment is, therefore, affirmed.

*Affirmed.*